_____



SO ORDERED,

*Neil P. Olack*

Judge Neil P. Olack
United States Bankruptcy Judge
Date Signed: January 21, 2014

**The Order of the Court is set forth below. The docket reflects the date entered.**
_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:

DONALD B. RUSSELL, SR.,                                          CASE NO. 11-12961-NPO

DEBTOR.                                                                              CHAPTER 13

**MEMORANDUM OPINION AND ORDER
SUSTAINING OBJECTION TO PROOF OF CLAIM AND
DISALLOWING CLAIM OF REGIONAL MEDICAL CENTER C/O ARCO**

This matter came on for hearing on November 14, 2013 (the "Hearing") on the Objection to Proof of Claim of Regional Medical Center c/o Arco (the "Objection") (Dkt. 87) filed by Donald B. Russell, Sr. (the "Debtor"), and the Amended Answer to Debtor's Objection to Claim of Regional Medical Center c/o Arco (the "Answer") (Dkt. 94) filed by Regional Medical Center c/o Arco ("Arco") in the above-styled bankruptcy case (the "Bankruptcy Case").  At the Hearing, Miranda L. Linton ("Linton") represented the Debtor, W. Ray Jamieson represented Arco, and W. Jeffrey Collier represented Locke D. Barkley, chapter 13 trustee (the "Trustee").  At the conclusion of the Hearing, the Court instructed the Debtor to file amended versions of Schedule I – Current Income of Individual Debtor(s) (the "Schedule I") and Schedule J – Current Expenditures of Individual Debtor(s) (the "Schedule J").  The Court, being fully advised in the premises, finds that the Objection should be sustained and that Arco's claim (POC 17-1) (the "Arco Claim") should be disallowed for the reasons that follow.

### Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). Notice of the Objection was proper under the circumstances.

### Facts

1. On May 30, 2010, the Debtor incurred $89,620.87 in medical bills for care received at Regional Medical Center ("RMC").  In August 2010, RMC referred the Debtor's account to Arco Collection Services ("ACS").

2. On July 1, 2011, the Debtor filed a voluntary petition for relief (the "Petition") (Dkt. 1) under chapter 13 of the Bankruptcy Code.

3. On August 14, 2011, the Debtor filed his chapter 13 plan (the "Plan"), creditor matrix (the "Matrix") (Dkt. 26), and statements and schedules regarding his income, expenses, and creditors (the "Statements and Schedules") (Dkt. 28).  Neither RMC nor ACS was included in either the Matrix or the Statements and Schedules.  According to the Debtor, the omissions occurred because he contacted RMC prior to filing the Petition to ascertain the amount he owed and was told he did not have a balance on his account.

4. Arco claims that when it received the Debtor's account from RMC, the Debtor's residence and place of employment were unknown.  Nevertheless, Arco was able to contact the Debtor via telephone in June 2011, prior to the filing of the Petition. According to Arco, the Debtor stated that he refused to pay the debt.  On November 2, 2011, Arco filed a lawsuit in the Circuit Court of Shelby County, Tennessee for $89,620.87.  According to Arco, a summons was sent to the Debtor's address in Corinth, Mississippi, but was returned because the Debtor could not be found.  Arco claims that it then filed amended alias summonses on June 7, 2012,

November 21, 2012, and March 15, 2013, but all were returned because the Debtor could not be found.

5. The deadline for filing non-government claims was January 3, 2012. On January 23, 2012, the Plan was confirmed (Dkt. 64).

6. Arco reached the Debtor via telephone on or around April 18, 2013. The Debtor told Arco that it should speak to his attorney. Arco spoke to Linton about the Debtor's pending bankruptcy on April 18, 2013.

7. On July 19, 2013, Arco filed the Arco Claim for $44,698.41.

8. On August 5, 2013, the Debtor filed the Objection on the ground that the Arco Claim was filed untimely. On September 13, 2013, Arco filed the Answer requesting the Court to allow the Arco Claim because Arco did not receive notice of the Bankruptcy Case prior to the deadline for filing a proof of claim.

9. At the Hearing, the Debtor argued that the allowance of the Arco Claim would prejudice the other unsecured creditors, whose claims are being paid 100% through the Plan. The Debtor also argued that even if notice was deficient, Arco still waited more than 90 days from when it received notice of the Bankruptcy Case to file the Arco Claim. Arco explained that the 92-day delay occurred because Arco was waiting for the balance amount to be adjusted, and it did not want to file an inaccurate proof of claim. The Trustee stated that according to the Statements and Schedules, allowing the Arco Claim would not require modification of the Plan. The Debtor, however, stated that his financial situation had changed since the Statements and Schedules were filed in 2011 and that the Statements and Schedules would need to be amended before the Trustee could determine whether modification of the Plan would be necessary to allow

the Arco Claim. To this end, the Court required the Debtor to file amended versions of Schedule I and Schedule J.

10.    On December 13, 2013, the Debtor filed the Schedule J – Current Expenditures of Individual Debtor(s) – Amended (the "Amended Schedule J").[1]

**Discussion**

11 U.S.C. 502(b)(9)[2] provides that upon objection, the Court, after notice and a hearing, shall disallow a claim if the "proof of such claim [was] not timely filed." Rule 3002(c) of the Federal Rules of Bankruptcy Procedure ("Rule 3002(c)") states that in a chapter 13 case, "a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." FED. R. BANKR. P. 3002(c). Rule 3002(c) then enumerates six (6) exceptions to the 90-day proof of claim deadline, none of which are applicable in Arco's situation. *Id.*

In the Bankruptcy Case, the proof of claim deadline was January 3, 2012, 90 days after the Debtor's § 341 meeting of creditors. Arco, however, filed the Arco Claim on July 19, 2013, more than 550 days after the deadline. Therefore, it is apparent the Arco Claim was filed untimely. Arco argues that despite the untimeliness of the Arco Claim, it should be allowed because Arco was not included in the Matrix or Statements and Schedules and, as a result, did not receive notice of the Bankruptcy Case prior to the filing deadline. Hence, the threshold

---

[1] The Debtor never filed an amended version of Schedule I. The Court, however, finds that the Amended Schedule J satisfies the Court's instruction at the Hearing because Schedule J requires the Debtor to provide the "Average monthly income from Line 15 of Schedule I." On the Amended Schedule J, the Debtor stated that this amount was $41,666.00, which is the same figure the Debtor provided in the original Schedule I. Therefore, the Court interprets the Amended Schedule J to purport that the information contained within Schedule I has not changed since it was filed in 2011.

[2] Hereinafter, all code sections refer to the United States Bankruptcy Code (the "Bankruptcy Code") found at Title 11 of the United States Code unless otherwise noted.

question before the Court is whether the deadline for filing a proof of claim can be extended for a creditor who did not receive notice of a bankruptcy case in time for the creditor to file a timely proof of claim.[3]

The Fifth Circuit Court of Appeals has not addressed whether § 502(b)(9) disallows late-filed claims in Chapter 13 cases when the creditor lacks timely notice. Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure gives the Court express authority to extend the deadline for a creditor to file a proof of claim in a chapter 13 case, not even for a creditor who did not receive notice of a debtor's bankruptcy case prior to the deadline for filing a proof of claim. *In re Miranda*, 269 B.R. 737, 740 (Bankr. S.D. Tex. 2001); 8 COLLIER ON BANKRUPTCY ¶ 3002.03[1] (16th ed. 2013) (footnote omitted) ("Courts have uniformly held that no extension of the time fixed by Rule 3002(c) may be granted after the time has passed (except as specifically allowed by the provisions of Rule 3002(c)(1)-(6)).") Further, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure explicitly provides that the excusable neglect standard is not applicable to the deadlines imposed by Rule 3002(c). FED. R. BANKR. P. 9006(b); *see In re Duarte*, 146 B.R. 958, 962 (Bankr. W.D. Tex. 1992).

Nevertheless, a few courts have held that because of due process concerns, the bar deadline can be extended for creditors who did not receive notice of a debtor's bankruptcy case in time to file a timely proof of claim. *See In re Harris*, 447 B.R. 254, 258 (Bankr. W.D. Ark. 2011); *In re Barnes*, No. 07-31157, 2008 WL 2397618, at *3 (Bankr. D.N.D. June 10, 2008); *In re Collier*, 307 B.R. 20, 26 n.7 (Bankr. D. Mass. 2004); *In re Anderson*, 159 B.R. 830, 839

---

[3] The Court assumes without deciding that Arco did not receive notice of the Bankruptcy Case prior to the deadline for filing a proof of claim. Because the Court holds that the deadline cannot be extended regardless of when a creditor receives notice of a bankruptcy case, at this juncture, it is unnecessary for the Court to determine when Arco received notice of the Bankruptcy Case.

(Bankr. N.D. Ill. 1993). The Court finds the more persuasive approach, and the one adopted by prominent bankruptcy treatises, is that the Bankruptcy Code protects creditors' due process rights by providing other remedies in the event a creditor does not have notice of the bankruptcy case to file a timely proof of claim. *See In re Daniels*, 466 B.R. 214, 218 (Bankr. S.D. N.Y. 2011); *In re Houston*, No. 07-00113, 2008 WL 104076, at *1 (Bankr. D.D.C. Jan. 4, 2008); *In re Nwonwu*, 362 B.R. 705, 708-10 (Bankr. E.D. Va. 2007); *In re Jensen*, 333 B.R. 906, 910-11 (Bankr. M.D. Fla. 2005); *In re Wright*, 300 B.R. 453, 462 (Bankr. N.D. Ill. 2003); *In re Windom*, 284 B.R. 644, 647 (Bankr. E.D. Tenn. 2002); *In re Brogden*, 274 B.R. 287, 292-94 (Bankr. M.D. Tenn. 2001); Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 283.1 at ¶ 8 ("That the Bankruptcy Code provides other remedies and procedural rights for the unscheduled creditor is often overlooked by courts too quick to find a constitutional exception to § 502(b)(9)."); 8 COLLIER ON BANKRUPTCY ¶ 3002.03[1] (16th ed. 2013) (footnote omitted) ("The court has no equitable power to extend the time fixed by Rule 3002(c)."). Chapter 13 creditors who are not scheduled or otherwise do not receive notice of a bankruptcy case in time to file a proof of claim before the filing deadline are able to pursue other remedies provided by the Bankruptcy Code. *See Wright*, 300 B.R. at 462-471 (exploring several "other potential forms of relief" available to chapter 13 creditors).

Turning to the Bankruptcy Case, the Court finds that it has no statutory or equitable authority to extend the bar deadline to permit the Arco Claim. Since the Arco Claim was filed after the deadline, the Objection should be sustained and the Arco Claim should be disallowed pursuant to § 502(b)(9). It should be noted, however, that the only question currently before the Court is whether the Arco Claim should be allowed. This Opinion does not address whether any other remedies provided by the Bankruptcy Code are available to Arco.

## Conclusion

For the above and foregoing reasons, the Court concludes that the Objection should be sustained and that the Arco Claim should be disallowed pursuant to § 502(b)(9).

IT IS, THEREFORE, ORDERED that the Objection is hereby sustained.

IT IS FURTHER ORDERED that the Arco Claim is hereby disallowed.

##END OF ORDER##